IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BRITTANY SAVILLE, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    CASE NO.: |
| ADDAY, INC. d/b/a IHOP #434, | ) ) ) |
|     Defendant. | ) ) |

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, BRITTANY SAVILLE (hereinafter "Plaintiff" or "SAVILLE"), by and through undersigned counsel, and files her Complaint against the Defendant, ADDAY, INC. D/B/A IHOP #434 (hereinafter "Defendant" or "ADDAY") and states as follows:

**NATURE OF THE CLAIMS**

1.  This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") and the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq*. ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff leading to her unlawful termination including Defendant's unlawful discrimination and retaliation against Plaintiff because of her disability and interference with her FMLA rights.

1

## PARTIES

2. Plaintiff, Saville, is a citizen of the United States and is and was at all times material, a resident of the State of Georgia.

3. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

4. Defendant, Adday, is a Domestic Profit Corporation with its headquarters in Athens, Georgia. Defendant does business in this district at 1180 Baxter Street, Athens, Georgia, 30606.

5. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at and within a 75-mile radius of Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding Plaintiff's rights under the ADA and the FMLA.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about May 18, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability discrimination and retaliation.

11. Plaintiff's EEOC charge was filed within one hundred and eighty (180) days after the alleged unlawful employment practices occurred.

12. On November 10, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue at the request of Plaintiff, a copy of which is attached hereto as **Exhibit A**.

13. This Complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff began working for Defendant in 2018 and throughout her tenure she worked as a full-time Manager.

15. Plaintiff is a disabled female and/or has been perceived by Defendant to be disabled.

16. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

17. On March 8, 2020, Plaintiff began feeling ill after returning from an international cruise where she was around people with confirmed cases of COVID-19.

18. Plaintiff informed Rooble Mire (CEO) about her symptoms and her need to get tested for COVID-19. Mr. Mire agreed that Plaintiff needed to get tested but also demanded that Plaintiff complete payroll by the following afternoon.

19. Plaintiff was tested and her doctor ordered her to quarantine at least until March 24, 2020 while she awaited her test results.

20. Plaintiff informed Mr. Mire about her doctor ordered quarantine.

21. Mr. Mire refused to reasonably accommodate Plaintiff or otherwise engage in the interactive process and failed to inform Plaintiff about her FMLA rights. Instead, Mr. Mire ordered Plaintiff to complete payroll.

22. Mr. Mire failed to inform Plaintiff about her FMLA rights in order to force her to work during what should have been protected FMLA leave, interfering with her FMLA rights.

23. As a result of Mr. Mire's refusal to accommodate Plaintiff or provide FMLA leave, Plaintiff was forced to go into work and obtain the laptop and other supplies required to complete payroll from home.

24. While Plaintiff was gathering the materials, she saw a vendor arrive to make a delivery. Plaintiff requested that the driver wait outside while she gather the materials as a precaution because she was not feeling well and did not have her test results yet.

25. On March 10, 2020, Linda Wooten (Account Executive for the vendor) emailed stating that the driver allegedly stated that Plaintiff said she had COVID-19. Plaintiff explained that was false and incorrect because Plaintiff never asserted that she had COVID-19 and again explained that she was awaiting her results.

26. Shortly thereafter, Plaintiff's results came back negative; however, Mr. Mire refused to permit Plaintiff to return to work and required Plaintiff to get retested because he perceived Plaintiff to have COVID-19.

27. Also, Defendant shut down the store, decontaminated it, and disposed of all of the food present because Defendant perceived Plaintiff to have COVID-19.

28. Mr. Mire proceeded to harass Plaintiff and baselessly blame her stating that she forced Defendant to close because of her perceived disability.

29. Plaintiff reported Mr. Mire's discriminatory harassment directly to Mr. Mire to no avail.

30. On March 28, 2020, Defendant terminated Plaintiff.

31. Plaintiff has been damaged by Defendant's conduct.

32. Plaintiff has had to retain the services of undersigned counsel and has agreed to compensate said counsel with reasonable attorneys' fees.

### COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA because Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Plaintiff was able to perform the essential functions of her job at the time of her termination.

36. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant willfully and maliciously discharged Plaintiff because of her disability.

38. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost

wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

39. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## COUNT II: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

41. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

42. Defendant was aware of Plaintiff's disability.

43. Defendant was aware of Plaintiff's request for accommodation.

44. Reasonable accommodations existed.

45. Defendant failed to accommodate Plaintiff's disability.

46. As a direct and proximate result of Defendant's unlawful failure to accommodate in violation of the ADA, Plaintiff has suffered and continues to suffer,

lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

47. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### COUNT III:  RETALIATION IN VIOLATION OF THE ADA

48. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

49. Plaintiff engaged in protected activity under the ADA by reporting Defendant's disability-based discrimination.

50. Defendant is prohibited under the ADA from retaliating against plaintiff for her protected complaint.

51. As a result of Plaintiff's protected complaint, Defendant, by and through its agents and employees, took materially adverse actions against Plaintiff including, but not limited to, terminating her employment.

52. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost

wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

53. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## COUNT IV:  FMLA INTERFERENCE

54. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

55. Defendant is and was an employer as defined by the FMLA.

56. Plaintiff was an eligible employee for protected leave under the FMLA.

57. Defendant is required by the FMLA to inform Plaintiff about her FMLA rights.

58. Defendant failed to inform Plaintiff about her FMLA rights.

59. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

60. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

61. Plaintiff was injured due to Defendant's will FMLA violation, to which she is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted,

*/s/ Gary J. Martoccio*
Gary J. Martoccio
Georgia Bar No.: 497511
Gary.martoccio@spielbergerlawgroup.com
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

*Attorney for Plaintiff*